UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



GRAND JURY B-14-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:15CR34 (WWE) |
| v. | VIOLATIONS: |
| GEORGE BRATSENIS and BOMANI AFRICA | 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Unlawful Possession of Ammunition by a Felon) |
| | 18 U.S.C. §§ 2113(a) and (d) (Armed Bank Robbery) |
| | 18 U.S.C. § 2119(1) (Carjacking) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Unlawful Possession of Ammunition by a Felon)

1. On or about September 29, 2014, in the District of Connecticut, defendant GEORGE BRATSENIS, having been convicted on December 6, 1984, in the United States District Court for the District of Connecticut of crimes punishable by imprisonment for a term exceeding one year, that is: Conspiracy to Commit Bank Robbery, in violation of Title 18, United States Code, Section 371, and Bank Robbery with Violence, in violation of Title 18, United States Code, Section 2113(d), did knowingly possess ammunition in and affecting commerce, namely, nine Aguila .32 caliber full metal jackets; seven Winchester 20 gauge shotgun shells; and seven ELEY .22 caliber bullets, all of which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
(Armed Bank Robbery)

2. On or about September 26, 2014, in the District of Connecticut, defendants GEORGE BRATSENIS and BOMANI AFRICA, by force, violence and intimidation did take, and aid and abet in the taking of, from the person and presence of employees of People's Bank located at 4180 Madison Avenue in Trumbull, Connecticut, approximately $29,937 in money belonging to and in the care, custody, control, management and possession of People's Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing and aiding and abetting in the commission of such offense, defendants GEORGE BRATSENIS and BOMANI AFRICA, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm.

In violation of Title 18, United States Code, Sections 2113(a), 2113(d) and 2.

## COUNT THREE
(Carjacking)

3. On or about September 25, 2014, in the District of Connecticut, defendants GEORGE BRATSENIS and BOMANI AFRICA, took, and aided and abetted in the taking of, a silver Ford Fusion, that had been transported, shipped, and received in interstate commerce, from D.S. by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

In violation of Title 18, United States Code, Sections 2119(1) and 2.

## FORFEITURE ALLEGATION
(Firearm Offense)

4. Upon conviction of the offense alleged in Count One of this Second Superseding Indictment, defendant GEORGE BRATSENIS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all

firearms and ammunition involved in the commission of the offense, including but not limited to the following: nine Aguila .32 caliber full metal jackets; seven Winchester 20 gauge shotgun shells; and seven ELEY .22 caliber bullets.

## FORFEITURE ALLEGATION
(Bank Robbery)

5. Upon conviction of the bank robbery offense alleged in Count Two of this Second Superseding Indictment, defendants GEORGE BRATSENIS and BOMANI AFRICA shall forfeit to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 2113, including but not limited to the following: a sum of money equal to the total amount of any property, real or personal, which constitutes or is derived from proceeds obtained as a result of the bank robbery charged in Count Two.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.§ 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1) as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
‎------------------------------
FOREPERSON

UNITED STATES OF AMERICA

*Deirdre M. Daly*
‎------------------------------
DEIRDRE M. DALY
UNITED STATES ATTORNEY

‎------------------------------
RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY

‎------------------------------
AMY C. BROWN
ASSISTANT UNITED STATES ATTORNEY