United States District Court
District of Connecticut
FILED AT BRIDGEPORT
7/23/2015
Roberta D. Tabora, Clerk
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY B-14-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:15CR34 (WWE) |
| v. | VIOLATIONS: |
| GEORGE BRATSENIS, BOMANI AFRICA and RANDI FELICIANO | 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Unlawful Possession of Ammunition by a Felon) |
| | 18 U.S.C. § 371 (Conspiracy to Commit Bank Robbery) |
| | 18 U.S.C. §§ 2113(a) and (d) (Armed Bank Robbery) |
| | 18 U.S.C. § 2119(1) (Carjacking) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Unlawful Possession of Ammunition by a Felon)

1. On or about September 29, 2014, in the District of Connecticut, defendant GEORGE BRATSENIS, having been convicted on December 6, 1984, in the United States District Court for the District of Connecticut of crimes punishable by imprisonment for a term exceeding one year, that is: Conspiracy to Commit Bank Robbery, in violation of Title 18, United States Code, Section 371, and Bank Robbery with Violence, in violation of Title 18, United States Code, Section 2113(d), did knowingly possess ammunition in and affecting commerce, namely, nine Aguila .32 caliber full metal jackets; seven Winchester 20 gauge shotgun shells; and seven

ELEY .22 caliber bullets, all of which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
(Conspiracy to Commit Bank Robbery)

2. In or about September 2014, in the District of Connecticut and elsewhere, defendants GEORGE BRATSENIS, BOMANI AFRICA and RANDI FELICIANO, and others known and unknown to the Grand Jury, did knowingly and willfully conspire together and with one another, to take by force, violence and intimidation from the person and presence of employees of People's United Bank located at 4180 Madison Avenue in Trumbull, Connecticut, money belonging to and in the care, custody, control, management and possession of People's United Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113.

3. In furtherance of the conspiracy and to affect the illegal objects thereof, the following overt acts, among others, were committed in the District of Connecticut.

### OVERT ACTS

a) On or about of September 25, 2014, BRATSENIS drove AFRICA to the parking lot of a professional center at 160 Hawley Lane, Trumbull, Connecticut.

b) On or about September 25, 2014, in that parking lot, AFRICA stole a Ford automobile from D.S.

c) On or about September 25, 2014, BRATSENIS possessed Connecticut license plate, bearing registration 956-WDM, which was later affixed to the stolen Ford automobile.

d) On or about September 26, 2014, BRATSENIS, AFRICA and FELICIANO drove a white pickup truck, the stolen Ford automobile, and a black SUV to the west parking lot of a shopping mall in Trumbull, Connecticut.

e) On or about September 26, 2014, BRATSENIS entered and robbed the People's United Bank located at 4180 Madison Avenue in Trumbull, Connecticut.

f) On or about September 26, 2014, after the People's United Bank was robbed, BRATSENIS, AFRICA and FELICIANO met in the west parking lot of a shopping mall in Trumbull, Connecticut, where the stolen Ford automobile was later burned.

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE
(Armed Bank Robbery)

4. On or about September 26, 2014, in the District of Connecticut, defendants GEORGE BRATSENIS, BOMANI AFRICA and RANDI FELICIANO, by force, violence and intimidation did take, and aid and abet in the taking, from the person and presence of employees of People's United Bank located at 4180 Madison Avenue in Trumbull, Connecticut, approximately $29,937 in money belonging to and in the care, custody, control, management and possession of People's United Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing and aiding and abetting in the commission of such offense, defendants GEORGE BRATSENIS, BOMANI AFRICA and RANDI FELICIANO did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm.

In violation of Title 18, United States Code, Sections 2113(a), 2113(d) and 2.

## COUNT FOUR
(Carjacking)

5. On or about September 25, 2015, in the District of Connecticut, defendants GEORGE BRATSENIS, BOMANI AFRICA and RANDI FELICIANO took, and aided and abetted in the taking of, a silver Ford Fusion that had been transported, shipped, and received in

interstate commerce from D.S. by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

In violation of Title 18, United States Code, Sections 2119(1) and 2.

## FORFEITURE ALLEGATION
(Firearm Offense)

6. Upon conviction of the offense alleged in Count One of this Third Superseding Indictment, defendant GEORGE BRATSENIS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including but not limited to the following: nine Aguila .32 caliber full metal jackets; seven Winchester 20 gauge shotgun shells; and seven ELEY .22 caliber bullets.

## FORFEITURE ALLEGATION
(Bank Robbery)

7. Upon conviction of either or both of the offenses alleged in Count Two and Three of this Third Superseding Indictment, defendants GEORGE BRATSENIS, BOMANI AFRICA and RANDI FELICIANO shall forfeit to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 371 and/or § 2113, including but not limited to the following: a sum of money equal to the total amount of any property, real or personal, which constitutes or is derived from proceeds obtained as a result of either or both of the offenses charged in Counts Two and Three.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been

4

substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1) as incorporated by Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY

AMY C. BROWN
ASSISTANT UNITED STATES ATTORNEY