United States District Court
District of Connecticut
FILED AT BRIDGEPORT
12/17 2015
Roberta D. Tabora, Clerk
By [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY B-14-1

UNITED STATES OF AMERICA

v.

GEORGE BRATSENIS,
and
RANDI FELICIANO

CRIMINAL NO. 3:15CR34 (JAM)

VIOLATIONS:

18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Unlawful Possession of Ammunition by a Felon)

18 U.S.C. § 371 (Conspiracy to Commit Bank Robbery)

18 U.S.C. §§ 2113(a) and (d) (Armed Bank Robbery)

18 U.S.C. § 2119(1) (Carjacking)

18 U.S.C. § 2 (Aiding and Abetting)

# FOURTH SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Unlawful Possession of Ammunition by a Felon)

1. On or about September 29, 2014, in the District of Connecticut, defendant GEORGE BRATSENIS, having been convicted on December 6, 1984, in the United States District Court for the District of Connecticut of crimes punishable by imprisonment for a term exceeding one year, that is: Conspiracy to Commit Bank Robbery, in violation of Title 18, United States Code, Section 371, and Bank Robbery with Violence, in violation of Title 18, United States Code, Section 2113(d), did knowingly possess ammunition in and affecting commerce, namely, nine Aguila .32 caliber full metal jackets; seven Winchester 20 gauge shotgun shells; and seven

ELEY .22 caliber bullets, all of which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
(Conspiracy to Commit Bank Robbery)

2. From in or about 2013 through December 2014, in the District of Connecticut and elsewhere, defendants GEORGE BRATSENIS and RANDI FELICIANO, together with Bomani Africa, who was charged in a separate Information, and others known and unknown to the Grand Jury, did knowingly and willfully conspire together and with one another, to take by force, violence and intimidation from the person and presence of employees of banks located in Fairfield County, Connecticut, money belonging to and in the care, custody, control, management and possession of those banks, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113.

### The Principal Object of the Conspiracy

3. The principal object of the conspiracy was to enrich BRATSENIS, FELICIANO, Africa and their co-conspirators.

### The Manner and Means of the Conspiracy

4. It was part of the conspiracy that beginning in 2013, BRATSENIS and Africa discussed plans to rob banks.

5. It was part of the conspiracy that in 2014, BRATSENIS provided Africa with a gun and mask and instructed Africa to demand access to the "second drawer" when robbing banks.

6. It was part of the conspiracy that BRATSENIS, Africa and a co-conspirator, whose identity is known to the Grand Jury, walked through the banks they intended to rob.

7. It was part of the conspiracy that FELICIANO was recruited by Africa to provide assistance in the bank robberies.

8. It was part of the conspiracy that BRATSENIS provided Africa with a .22 caliber revolver to brandish during the bank robbery.

9. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the District of Connecticut.

## OVERT ACTS

a) On or about September 25, 2014, BRATSENIS and Africa went to the parking lot of a professional center at 160 Hawley Lane, Trumbull, Connecticut.

b) On or about September 25, 2014, BRATSENIS possessed Connecticut license plate, bearing registration 956-WDM, which was later affixed to the stolen Ford automobile.

c) On or about September 26, 2014, BRATSENIS, FELICIANO, and Africa drove a white pickup truck, the stolen Ford automobile, and a black SUV to the west parking lot of a shopping mall in Trumbull, Connecticut.

d) On or about September 26, 2014, BRATSENIS and AFRICA entered and robbed the People's United Bank located at 4180 Madison Avenue in Trumbull, Connecticut.

e) On or about September 26, 2014, after the People's United Bank was robbed, BRATSENIS, FELICIANO, and Africa met in the west parking lot of a shopping mall in Trumbull, Connecticut, where the stolen Ford automobile was later burned.

f) On or about December 13, 2014, FELICIANO and Africa entered and robbed the First Niagara Bank located at 225 Hawley Lane, in Stratford, Connecticut, of approximately $15,635 in money.

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE
(Armed Bank Robbery)

10. On or about September 26, 2014, in the District of Connecticut, defendants GEORGE BRATSENIS and RANDI FELICIANO, and Bomani Africa, who is charged in a

separate Superseding Indictment, by force, violence and intimidation did take, and aid and abet in the taking, from the person and presence of employees of People's United Bank located at 4180 Madison Avenue in Trumbull, Connecticut, approximately $29,937 in money belonging to and in the care, custody, control, management and possession of People's United Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing and aiding and abetting in the commission of such offense, defendants GEORGE BRATSENIS and RANDI FELICIANO, and Africa, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm.

In violation of Title 18, United States Code, Sections 2113(a), 2113(d) and 2.

## COUNT FOUR
(Carjacking)

11.     On or about September 25, 2015, in the District of Connecticut, defendants GEORGE BRATSENIS and RANDI FELICIANO, and Bomani Africa, who is charged in a separate Superseding Indictment took, and aided and abetted in the taking of, a silver Ford Fusion that had been transported, shipped, and received in interstate commerce from D.S. by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

In violation of Title 18, United States Code, Sections 2119(1) and 2.

## COUNT FIVE
(Armed Bank Robbery)

12.     On or about December 13, 2014, in the District of Connecticut, defendant RANDI FELICIANO, along with Bomani Africa, who is charged in a separate Information, by force, violence and intimidation did take, and aid and abet in the taking, from the person and presence of employees of First Niagara Bank located at 225 Hawley Lane, in Stratford, Connecticut,

approximately $15,635 in money belonging to and in the care, custody, control, management and possession of First Niagara Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing and aiding and abetting in the commission of such offense, defendant RANDI FELICIANO and Bomani Africa did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm.

In violation of Title 18, United States Code, Sections 2113(a), 2113(d) and 2.

## FORFEITURE ALLEGATION
(Firearm Offense)

13. Upon conviction of the offense alleged in Count One of this Fourth Superseding Indictment, defendant GEORGE BRATSENIS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including but not limited to the following: nine Aguila .32 caliber full metal jackets; seven Winchester 20 gauge shotgun shells; and seven ELEY .22 caliber bullets.

## FORFEITURE ALLEGATION
(Bank Robbery)

14. Upon conviction of any or all of the offenses alleged in Count Two, Three, and Five of this Fourth Superseding Indictment, defendants GEORGE BRATSENIS and RANDI FELICIANO shall forfeit to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 371 and/or § 2113, including but not limited to the following: a sum of money equal to the total amount of any property, real or personal, which constitutes or is derived from proceeds obtained as a result of either or both of the offenses charged in Counts Two, Three, Five and Six.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1) as incorporated by Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY

AMY C. BROWN
ASSISTANT UNITED STATES ATTORNEY