UNITED STATE DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM NO. 3:15CR34(JAM) |
| | : | |
| | : | |
| GEORGE BRATSENIS | : | FEBRUARY 25, 2016 |

MOTION FOR DISCLOSURE PURSUANT TO
FEDERAL RULE OF EVIDENCE 404(b)
WITH SUPPORTING MEMORANDUM OF LAW

The Defendant, GEORGE BRATSENIS, pursuant to Local Rule of Civil Procedure 9, Local Rule of Criminal Procedure 1, Federal Rule of Evidence 404(b), and paragraph (13) of this Court's Standing Order on Discovery, hereby moves this Honorable Court for an Order compelling and directing the Government to disclose the following:

1. Any evidence the Government intends to introduce against the accused regarding prior or subsequent criminal conduct, charged or uncharged, and any other such "bad act" evidence not charged in the indictment and not alleged as part of any conspiracy charged in the indictment;

2. Any evidence the Government intends to introduce against the accused pursuant to Rule 404(b) of the Federal Rules of Evidence.

Fed. R. Evid. 404(b) provides for introduction of other crimes, wrongs or acts of a person for various purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake.  The pretrial notice requirement

contained in Rule 404(b) "is intended to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) Advisory Committee Notes (1991 Amendment). Upon request by the accused, the prosecution must provide reasonable notice in advance of trial of the general nature of any such evidence it intends to use at trial. Id. Under paragraph (13) of this Court's Standing Order on Discovery, pre-trial disclosure of such "bad acts" evidence is mandatory.

The Second Circuit has adopted an inclusionary or positive approach to Rule 404(b); as long as the evidence is not offered to prove propensity, it is admissible. *United States v. Levy*, 731 F.2d 997 (2d Cir. 1984); *United States v. O'Connor*, 580 F.2d 38, 40 (2d Cir. 1978). The government, however, must explain in detail the purposes for which the evidence is sought to be admitted. Id. When the court has determined that the evidence is admissible under Rule 404(b), it must then balance the probative value of the evidence against its prejudicial impact to determine if the evidence is excludable under Rule 403. *United States v. Benedetto*, 571 F.2d 1246, 1248 (2d Cir. 1978). As a final protection against unfair prejudice to the defendant, the court, upon request, must instruct the jury that it must only use the evidence of other acts for the purposes for which it was offered and not as an indication of criminal propensity. Fed. R. Evid. 105.

Accordingly, Defendant requests that the Government provide a statement on the theory of admissibility of each item of Rule 404(b) evidence it intends to introduce at trial. *See* Fed. R. Evid. 404(b) (notice of the general nature of such evidence required); see also *United States v. Foskey*, 636 F.2d 517, 526 n.8 ("the Government should supply the district court with a written analysis of the logical inferences justifying admission of the evidence. Given the complexity of these questions, and the ease of confusion of

permissible with impermissible inferences, such a procedure might obviate the need for the district court, as well as the court of appeals, to speculate regarding the Government's theory of the evidence's relevance to the issues listed in Rule 404(b).  Moreover, the Defendant requests that a pre-trial hearing concerning the admissibility of such statements be had.

Government disclosure will aid Defendant in formulating his objections, if any.  Disclosure will also aid the Court in ruling on the admissibility of the evidence and will help to insure that Defendant is not prejudiced and wrongly convicted or sentenced by evidence that has been improperly admitted. See *Huddleston v. United States*, 108 S. Ct 1496, 1501 n.6 (1988).

**WHEREFORE**, for the foregoing reasons, the Defendant respectfully requests that his motion be granted.

                                THE DEFENDANT
                                GEORGE BRATSENIS


                        By ___/s/Charles L. Kurmay_____
                                CHARLES L. KURMAY
                                THE LAW OFFICES OF CHARLES L. KURMAY
                                3000 MAIN STREET
                                STRATFORD, CT  06615
                                FED BAR ct20180
                                (203) 380-1743  (phone)
                                (203) 380-0293  (fax)
                                ckurmay@snet.net  (email)

## CERTIFICATION

I hereby certify that on February 25, 2016, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/Charles L. Kurmay
CHARLES L. KURMAY
THE LAW OFFICES OF CHARLES L. KURMAY