UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.3:15CR34 (JAM) |
| v. | : | |
| GEORGE BRATSENIS | : | March 29, 2022 |

## GOVERNMENT'S MEMORANDUM OF LAW IN AID OF SENTENCING

George Bratsenis stands before this Court a 72-year-old man, having spent a majority of his adult life behind bars. Despite statistics that show that recidivism rates decline precipitously among older offenders, *see* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220210_Recidivism-Violence.pdf at 6 ("Age at release is strongly correlated with recidivism for both violent and non-violent offenders. Rearrest rates decreased steadily with each age group for both groups of offenders"), Mr. Bratsenis remains, as this facts of this case show, a violent and dangerous person. As recently as March 24, 2022, he pleaded guilty to Murder-for-Hire, in violation of 18 U.S.C. § 1958, in the District of New Jersey. Although that conviction does not compute into his advisory Guidelines calculation and will be dealt with when Mr. Bratsenis is sentenced in the District of New Jersey, the Government respectfully submits that a Guidelines sentence in this case – a case in which Mr. Bratsenis has pleaded guilty to armed bank robbery – is appropriate.

## BACKGROUND

The Government does not have any objections to the facts as contained in the well-researched Pre-Sentence Report ("PSR"); the Government outlined its version of the offense conduct in a trial

memorandum filed on February 11, 2016.  *See* 3:15CR34(JAM), Document ("Doc.") 81.  On October 18, 2019, Mr. Bratsenis appeared before this Court, and entered a guilty plea to Count Three of the Fourth Superseding Indictment.  *See* Ind. 3:15CR34(JAM).  Specifically, Mr. Bratsenis pled guilty to Armed Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d).

At sentencing, the defendant faces a maximum term of imprisonment of 25 years, followed by a maximum term of five years of supervised release, a fine of up to $250,000 and a $100 special assessment.  The Presentence Report (PSR) calculates Mr. Bratsenis's adjusted offense level to be 30.  PSR ¶ 37.  After a three-level departure for acceptance of responsibility, the defendant's total offense level is 27.  *Id.* ¶ 41.  With a Criminal History Category of IV, Mr. Bratsenis has an advisory Guidelines range of 100 to 125 months of imprisonment.  *Id.* ¶¶ 56, 118.

## SENTENCING LAW

### A. The Guidelines

Although the Sentencing Guidelines are no longer mandatory, the Guidelines must be considered by the Court along with the other factors listed in 18 U.S.C. § 3553(a).  *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v. Crosby*, 397 F.3d 103, 110 (2d Cir. 2005); *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007) ("district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process"); *see also Gall v. United States*, 552 U.S. at 46 ("though the Guidelines are advisory rather than mandatory, they are, as we pointed out in *Rita*, the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions") (footnote omitted); *see* 18 U.S.C. § 3553(a)(4) (Court shall consider the sentence applicable under the Guidelines).

### B. The 3553(a) Factors

The factors enumerated in 18 U.S.C. § 3553(a) suggest that a sentence within the advisory Guidelines range would be appropriate.

1. <u>The Nature and Circumstances of the Offense</u>.

Mr. Bratsenis's conduct in this case is serious. Seeking money ostensibly, at least according to his PSR interview, to feed a paramour's Percocet addiction, Mr. Bratsenis and his accomplices stole a silver Ford Fusion at gunpoint from D.S. The next day, they drove the stolen Ford Fusion to the People's Bank in Trumbull, Connecticut, used what appeared to be a real gun to terrify the employees of the bank, and stole $29,937. Then to distract responding police and to cover up their crime, they burned the stolen Ford Fusion in the parking lot of the Trumbull Mall. The sheer violence and potential violence of Mr. Bratsenis's crime is astounding.

2. <u>History and Characteristics of Mr. Bratsenis</u>.

Notably, the People's Bank robbery bears a remarkable semblance to one of the bank robberies for which Mr. Bratsenis was convicted on April 21, 1984 and for which he received a 25 year federal prison sentence. *See* PSR ¶53. Just as in the instant case, Mr. Bratsenis and his accomplice stole a car, at that time a red Ford Mustang, used the stolen Mustang to get to the Union Trust Company, in Stamford, Connecticut, and, brandishing weapons, stole $4,895 from the bank. However, in the current case, he added the new element of carjacking and arson to his crime, demonstrating that he has elevated his criminality.

Nor was Mr. Bratsenis's robbery of the People's Bank in Trumbull his first bank robbery after his release from New Jersey prison, where he had been transferred after completion of his 25-year federal sentence for the Stamford bank robbery. In April 2014, Mr. Bratsenis and his co-defendant Bomani Africa robbed a People's Bank in Darien, Connecticut, a robbery during which Mr. Africa pointed a gun at a terrified teller and told them, "I will shoot you if you don't give me

all your money!"

Now, it has been learned through Mr. Bratsenis' guilty plea to an Information charging him with Murder-for-Hire in the District of New Jersey that in the interim between the two Connecticut bank robberies, Mr. Bratsenis killed a person in New Jersey in exchange for "several thousand dollars," and then set fire to the victim's apartment. Simply put, Mr. Bratsenis's conduct before his arrest on this case was incorrigible and this Court should not take Mr. Bratsenis's age into account as a mitigating factor in his sentencing.

That said, the Government recognizes that Mr. Bratsenis has significant potentially terminal medical issues, including being diagnosed with prostrate cancer; he has also been diagnosed with a myriad of ailments, all of which are not favorable toward normal life expectancy. Even with the constraints of COVID-19, he has received medical attention 27 times during his pre-trial detention. Additionally, the Government recognizes that Mr. Bratsenis enlisted in the Marines during the Vietnam War and volunteered to serve as a "tunnel rat," even being "buried alive" for 7 to 10 minutes as part of his training. *See* PSR ¶ 113. The Government understands that these facts weigh in favor of certain leniency toward Mr. Bratsenis when the Court determines an appropriate sentence.

3. Deterrence

In light of Mr. Bratsenis's past convictions, he should have been deterred from criminal activity, and his federal criminal history should have led him to consider that any criminal activity would likely lead to federal criminal charges. Nonetheless, Mr. Bratsenis robbed not one but two banks at gunpoint, spreading fear amongst hard working bank employees.

4. Protection for the Public

Mr. Bratsenis's conduct demonstrates that, even as an ailing septuagenarian, he has a

mental philosophy that is dangerous to the public's well-being – he has no qualms about inflicting trauma on others so long as he gets money at the end. His mercenary attitude has left too many victims in its wake. Mr. Bratsenis deserves a significant punishment.

## CONCLUSION

George Bratsenis stands before this Court having willingly terrified bank personnel for his own financial gain. Recognizing that the terror of being a victim to an armed bank robbery is difficult, if not impossible, to erase, for the sake of those bank personnel who only sought to earn a legitimate income, the Government hopes that Mr. Bratsenis will at least express remorse at sentencing for the pain he has inflicted on his victims. Mr. Bratsenis has served approximately 85 months of pre-trial federal detention and faces an advisory Guidelines range of 100-125 months. He faces a far longer prison term in the District of New Jersey. Mr. Bratsenis should be held accountable for his actions in the District of Connecticut with a sentence within the advisory Guidelines range.

Respectfully submitted,

LEONARD C BOYLE
UNITED STATES ATTORNEY

/s/

RAHUL KALE
ASSISTANT U.S. ATTORNEY
United States Attorney's Office
1000 Lafayette Boulevard, 10th Floor
Bridgeport, Connecticut 06604
(203)696-3000
Federal Bar No. phv0256

CERTIFICATION OF SERVICE

       I hereby certify that on March 29, 2022 a copy of the foregoing was filed electronically, by facsimile and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Courts CM/ECF System.

          /s/ Rahul Kale
          Rahul Kale
          Assistant United States Attorney